A. C. Chrisman, of Cleburne, and Mays & Mays, of Fort Worth, for appellants.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

**CHRISTIAN, J.**

This is an appeal from a final judgment upon forfeiture of a bail bond.

There is nothing in the record showing that any briefs were filed in the trial court, or that there was a waiver of such filing. In an appeal from a judgment forfeiting a bail bond, the record will not be reviewed, in the absence of a showing that briefs had been filed in the trial court in accordance with the statutory rules on the subject, or that there was a waiver of such filing. Bratton et al. v. State, 109 Tex. Cr. R. 329, 4 S.W.(2d) 562. The state's attorney before this court moves that the appeal be dismissed. The motion must be sustained.

The appeal is dismissed.

**PER CURIAM.**

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals, and approved by the court.

**On Motion to Reinstate Appeal.**

**LATTIMORE, J.**

The defects in the record which led to our dismissal of this appeal at a former day of this term having been corrected, the appeal will be reinstated and considered upon its merits.

In the case of C. J. Dunn et al. v. State, 53 S.W.(2d) 307, this day decided, we overruled the authority relied upon by the appellants herein, and held, after a discussion of the cases in point, that a judgment nisi in form and substance similar to the one in the case before us, as well as a final judgment to the same effect, was valid. For the reasons given in that case, we are compelled to hold against appellants herein.

The judgment will be affirmed.

**Rehearing Withdrawn.**

**MORROW, P. J.**

This is an appeal from final judgment by sureties on forfeiture of bail bond.

Since the affirmance of the case at a former date, appellants have filed a written request, duly verified, asking that their motion for rehearing be withdrawn. The request is granted, and the motion is withdrawn.

---

## WEST AUDIT CO. v. YOAKUM COUNTY.

### No. 3855.

Court of Civil Appeals of Texas. Amarillo.

June 29, 1932.

Rehearing Denied Oct. 5, 1932.

Lockhart & Brown, of Lubbock, for appellant.

Bean & Klett, of Lubbock, for appellee.

**HALL, C. J.**

This is the second appeal of this case. 35 S.W.(2d) 404, 408.

November 8, 1926, the West Audit Company entered into a written contract with Yoakum county, acting through its commissioners' court, which provided that the audit company should audit the records of the various officers of said county covering the years 1907 to 1926 and should make a com-

plete and detailed statement of the result of such audit. Before the plaintiff's work had been completed, the courthouse of Yoakum county was destroyed by fire, together with all the records of the county and the work sheets and data used by the plaintiff in the performance of the contract.

Upon the former appeal, the Commission of Appeals said that neither the trial court nor this court made any findings upon the issue of implied contract as raised by the evidence and the pleadings or upon what was the reasonable value of the services rendered by the West Audit Company to the county or whether or not the county was benefited by the work so rendered, and "in view of this fact, we think justice would be best subserved in holding that this case should be reversed and the cause remanded for another trial."

Upon the second trial the court submitted only two issues, the first being as follows: "Do you find from a preponderance of the evidence that Yoakum County was benefited by the work rendered by the plaintiff in auditing the books and records to the extent they did audit same?"

This was answered in the negative. The second issue inquired as to the reasonable value of the services rendered by the West Audit Company and, of course, was not answered. Based upon this verdict, the court rendered judgment that the plaintiff take nothing by its suit.

For a more complete statement of the case, we refer to the former report in (Com. App.) 35 S.W.(2d) 404.

The substance of appellant's contentions upon this appeal is that, because it had been employed by the county and had partially completed the work at the time of the fire, which destroyed the county records without the fault of either party, and because the results of the partial audit, showing no material discrepancies, had been communicated to the county officials from time to time, there arose an implied contract to pay appellant reasonable compensation for the work done and that without regard to whether the county received any substantial benefit; further, that because of these facts it was at least entitled to a judgment for nominal damages. It is contended in this connection that the court erred in submitting the issue as to the receipt of benefits and should have submitted only the issue of the value of appellant's services.

The destruction of the subject-matter of the contract by fire was referred to by the Commission of Appeals in its opinion, but the effect thereof, if any, upon the rights of the parties, was not discussed. The quantum meruit feature of the case was not considered upon the first trial, nor was it discussed by this court on appeal, but the Commission of

Appeals reversed the judgment and remanded the case for trial upon that theory, saying: "The able and learned trial judge and the eminent associate justice who wrote the opinion for the Court of Civil Appeals made no findings upon the issue of implied contract, as raised by the evidence and the pleadings in this case, or what was the reasonable value of the services rendered by the West Audit Company to Yoakum county, or whether or not the county was benefited by the work so rendered, and this phase of the case does not appear to have been passed upon in reaching the conclusions stated by the two courts. In view of this fact, we think justice would be best subserved in holding that this case should be reversed and the cause remanded for another trial."

The court further said: "It is further shown by the evidence that in pursuance of the agreement with West Audit Company, several men went to work upon the audit, and that they worked many days. That during the time they were at work they had several conversations with the members of the commissioners' court of that county and no one protested or objected to the audit being made. That from time to time the officers discussed with the men at work on the audit the condition of the books as they found them. That the condition of the affairs of the various officers, as reflected from the books, was communicated to the members of the commissioners' court, and they received the benefit of their labor in that respect for Yoakum county. The evidence tends to show that this was of benefit to the county and was received by the officers representing the county."

As emphasizing the view of the Commission with reference to the materiality of benefits, the opinion quotes from Page on Contracts, as follows: "The amount which can be recovered by one who has performed in part under a contract which is discharged by impossibility, is generally limited to the value of the property which actually passed to the adversary party by reason of such performance, or to the value of the services of which the adversary party actually had the benefit."

We must assume, from the fact that the Commission of Appeals stressed the issue of benefit and ignored the destruction of the subject-matter of the contract as an element affecting the rights of the parties, that the question of benefits was considered the crux of the case. The evidence at the last trial was conflicting upon this issue. The issue of whether the county had accepted the partial audit was not submitted, and was therefore either waived or must be presumed to have been found by the court in support of the judgment. Since the Commission of Appeals has clearly grounded the right of appellant to recover upon the question whether its efforts were beneficial to the county, and

because the jury has found upon conflicting testimony that no benefit was received, we hold that the court did not err in submitting that issue, and the judgment is affirmed.

### On Motion for Rehearing.

By additional citation of authorities and argument, the appellant contends that this court erred in not reversing the judgment because the trial court permitted W. H. Hague, county and district clerk, and P. M. Williams, county commissioner when the contract was made with appellant, to testify over appellant's objection that they had never seen or observed any of the work done by appellant that was of any benefit to the county.

It is conceded that the West Audit Company made no written reports to the county, and Hague testified that while the audit was in progress no one of the auditors suggested any changes that should be made in his record; that he never heard any of them tell the commissioners' court about anything they had found in the records or anything about the actual condition of the records of the county. He states he asked one of them how they were coming on with the records, or how they found them, and that they just said they were coming along all right. This question was then asked: "Have you ever as District and County Clerk from that day to this observed or seen anything of the work done by this company that has been of any benefit to this county that you know of?"

 The appellant objected because the question called for a conclusion and an opinion of the witness. The objection was overruled, and the witness answered that he could not recall anything. The testimony seems to be negative in its character, and, since he had seen no written report and had heard no verbal report, he could not have truthfully answered it otherwise. It was not a conclusion or an opinion, but was the plain statement of a fact, and the only objection which could have been properly urged was as to its weight rather than to its admissibility. No error is shown by the ruling of the court.

Commissioner Williams testified that he had not personally talked with any of the auditors before they commenced work; that he was in and out of the courthouse very little prior to the time the contract was made with appellant; that he had not been furnished with any information, directly or indirectly, as to anything the audit company had found in the records; that he did not remember that the audit company made any report to the commissioners on December 13th as to what they had found in the records, and, after the courthouse burned, none of the auditors undertook to tell the commissioners what they had found in the record or to make a report of their audit. He was then asked

this question: "Do you know of your own information that has come to you in any way of any act or thing that was done by the West Audit Company or by any of them or any information furnished to any officers of this county that was of any benefit to Yoakum County?"

The same objection which had been urged to the testimony of Hague was interposed and overruled by the court. What we have just said with reference to the testimony of Hague also disposes of the contention with reference to Williams.

We have reviewed the record and the opinion in the light of the motion and argument for rehearing, and, being convinced that a proper judgment has been rendered, the motion is overruled.